## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| **JTH TAX, INC., d/b/a Liberty Tax Service** | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:13cv423 |
| | ) |
| **BENJAMIN LEE and** | ) |
| **B.O.L. GLOBAL, INC.,** | ) |
| | ) |
| | ) |
| Defendants. | ) |

### BOL GLOBAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

B.O.L. Global, Inc. ("BOL"), by counsel, files this Memorandum in Support of its

Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue filed

contemporaneously herewith, and in support of said Motion, BOL respectfully states as follows:

### Preliminary Statement

JTH Tax, Inc., d/b/a Liberty Tax Service ("Liberty Tax"), filed this action against

Defendant Benjamin Lee ("Mr. Lee"), a former California franchisee of the franchise, and BOL,

seeking monetary damages and injunctive relief based on Mr. Lee's alleged breaches of his

franchise agreement with Liberty Tax and related allegations. BOL, a California corporation

located in San Francisco, California, is an independent certified public accounting firm that

provides accounting, tax, and other business services, and is not a party to the franchise agreement at issue in this case.[1]

Liberty Tax has improperly brought this action in the Eastern District of Virginia solely in reliance on the franchise agreement's forum selection clause, despite the fact that BOL is not a party to the franchise agreement, and this is clearly not a breach of contract action against BOL. In addition, as Liberty Tax's Complaint makes clear, there is no nexus between Virginia and Liberty Tax's allegations against BOL, since it is the conduct of Mr. Lee and BOL in California that is at issue here. As such, this is not the proper venue to litigate this action, and pursuant to Fed. R. Civ. P. 12(b)(3), this action should be dismissed.

Alternatively, should this Court decide not to dismiss this action for improper venue, BOL avers that venue is proper in the Northern District of California, and requests this Court to transfer this case to the Northern District of California. BOL intends to utilize in its defense several non-party witnesses who reside and work in California, outside this Court's subpoena power. The convenience of these important witnesses to ensure live testimony at trial should be paramount and strongly supports transfer of this action. Moreover, given Mr. Lee's related litigation pending in the Northern District of California, this action should be transferred and likewise decided in that District in the interest of avoiding duplicative litigation and inconsistent results. This Court should not defer to Liberty Tax's choice of forum because the underlying facts regarding its claims all took place in the Northern District of California.

---

[1] While the Franchise Agreement was amended to change the name of the franchisee from Mr. Lee to BOL on August 14, 2008, it was again amended to remove BOL as the franchisee and make Mr. Lee the franchise owner on January 7, 2011. There can be no dispute that BOL has had no obligation under the Franchise Agreement since January 7, 2011.

## Argument

### I.   Venue Is Not Proper In This Judicial District.

Fed. R. Civ. P. 12(b)(3) provides that a case may be dismissed because the venue selected is an improper venue. Sucampo Pharm., Inc., v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). Once venue is challenged, the plaintiff bears the burden of showing that venue is proper. Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979), *overruled on other grounds by* Ratino v. Med. Serv. of D. C. (Blue Shield), 718 F.2d 1260 (4th Cir. 1983); Rice Contracting Corp. v. Callas Contractors, Inc., 2009 WL 21597, at *1 (E.D. Va. 2009). Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where (i) any defendant resides, if all defendants reside in the same state; (ii) a substantial part of the events or omissions giving rise to the claim occurred; or (iii) any defendant may be found, but only if there is no other district with proper venue. 28 U.S.C. § 1391(b); Chance v. Randall, 2006 WL 2918943 at *1 (E.D. Va. 2006). In the Fourth Circuit, courts must consider the "entire sequence of events underlying the claim" to determine where venue is appropriate. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Where no defendants reside in the forum state and all of the events, acts, or omissions underlying the complaint occurred outside the forum state, venue is improper. Chance v. Randall, 2006 WL 2918943 at *1.

Venue is improper in this District because Plaintiff cannot satisfy any of the grounds fixing venue here. In its Complaint, Liberty Tax asserts that venue is proper in this district first because "a substantial part of the events giving rise to this cause of action arose in Virginia Beach…" (Compl., ¶ 6.)  However, Liberty Tax's Complaint makes unmistakably clear that the Defendants reside in or are incorporated in California and all of the alleged events, acts, or omissions underlying the Complaint occurred in California. Specifically, the Complaint does not

identify any events that occurred in Virginia that give rise to Liberty Tax's claims against Defendant BOL. Liberty Tax's causes of action relate strictly to the conduct of Mr. Lee and BOL in California.

Second, Liberty Tax asserts that venue is proper in this Court "…because Defendants' Franchise Agreement contains a forum selection clause specifying venue in this Court." (Compl., ¶ 6.) However, this is not a breach of contract action with respect to BOL, which more importantly, is not a party to the Franchise Agreement, and thus does not fall within the scope of the Franchise Agreement's forum selection clause. See JTH Tax, Inc. v. Houle, 2011 WL 5006941, at *4 (E.D. Va. 2011) ("…this action is not a breach of contract action. Counsel for Liberty clearly stated during the motions hearing that this action is purely a trademark infringement action. As such, the action does not fall within the scope of the Franchise Agreements' forum selection clause...Therefore, Liberty's reliance on the terminated Franchise Agreements to establish venue in this trademark infringement action is misplaced."); see Phillips v. Audio Active Ltd., 494 F.3d 378, 390 (2d Cir. 2007) (holding claims for copyright infringement did not arise out of a recording contract, and were not governed by the contract's forum selection clause). As such, Liberty Tax's reliance on the Franchise Agreement's forum selection clause to establish venue in this Court is again "misplaced."

Accordingly, Plaintiff has failed to show that a "substantial part of the events or omissions giving rise to the claim occurred" in Virginia, and thus venue is not appropriate in this District. 28 U.S.C. § 1391(b)(2). Because venue is not proper in this District, this action should be dismissed pursuant to 28 U.S.C. § 1406(a).

## II.    If this Action is not Dismissed, It Should Be Transferred to the Northern District of California.

If the Court chooses not to dismiss this action, BOL respectfully requests that the Court transfer the case to the Northern District of California under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). Because a substantial part of the events giving rise to Liberty Tax's alleged claims took place in San Francisco, venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2). As set forth below, the factors regarding transfer strongly support transferring this action to the Northern District of California. Most importantly, there are many non-party witnesses who reside in California and who are likely very important to BOL's arguments and defenses. The convenience of those witnesses, who are outside this Court's subpoena power to ensure live testimony at trial, should be paramount and strongly supports transfer. Plaintiff's choice of forum is not entitled to normal deference because the underlying facts regarding its claims all took place in a different forum. Furthermore, in the interest of avoiding duplicative litigation and inconsistent results, given Mr. Lee's related litigation pending in the Northern District of California, this action should likewise be decided in that District.

### A. The Standard for Transferring Venue

For the reasons stated above, Virginia is an improper venue for this action. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Insituform Technologies, Inc. v. Amerik Supplies, Inc., 2008 WL 276404 at *3 (E.D. Va. 2008). Alternatively, even if venue were proper in the Eastern District of Virginia, 28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." 28 U.S.C. § 1404(a) (2006). In determining a motion to transfer venue under either 28 U.S.C. § 1406 or 28 U.S.C. § 1404, the Court relies on the same analysis. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 n.5 (4th Cir. 1993) ("The analysis of whether a transfer is 'in the interest of justice' is the same under section 1404(a) as it is under section 1406(a).")

"[I]n considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." comScore, Inc. v. Integral Ad Science, Inc., 2013 WL 597492 (E.D. Va. 2013). The decision whether to transfer an action is committed to the sound discretion of the district court. Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010).

The second prong of the analysis hinges on the Court's consideration of "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interests of justice." Pragmatus AV, 769 F. Supp. 2d at 994-95 (quoting Heinz Kettler, 750 F. Supp. 2d at 667). "…[T]he Court must balance a number of case-specific factors, including "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice." JTH Tax, Inc. v. Houle, 2011 WL 5006941, at *2 (E.D. Va. 2011); BHP Int'l Inv., Inc.. v. Online Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000).

**B.  The Transfer of Venue to the Northern District of California is Appropriate.**

First, Liberty Tax's Complaint could have been filed in the Northern District of California, the transferee district. Because the parties agree that Defendant BOL is a California

6

corporation with its principal place of business in San Francisco, California, there is no question

that Liberty Tax could have originally filed this action in the Northern District of California.

Moreover, all of the alleged events giving rise to Liberty Tax's claims against Defendants

occurred in the Northern District of California.

### C. The Interest of Justice and Convenience of the Parties and Witnesses Justify Transfer to the Northern District of California.

#### 1. The Plaintiff's Choice of Forum Should Be Given Less Weight Because its Causes of Action against BOL Bear No Relation to this Forum.

The Plaintiff's choice of forum "is typically entitled to substantial weight, especially

where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of

action." Pragmatus AV, 769 F. Supp. 2d at 995 (quoting Heinz Kettler, 750 F. Supp. 2d at 667).

However, the level of deference to a plaintiff's forum choice "varies with the significance of the

contacts between the venue chosen by plaintiff and the underlying cause of action." Id., Board of

Trustees v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1988).

"For obvious reasons, the plaintiff's choice is entitled to less weight where there is little to

connect the chosen forum with the cause of action." Id.

It is undisputed that Liberty Tax's principal place of business and corporate headquarters

are in the Eastern District of Virginia, and as such, its choice of forum is entitled to a certain

level of deference. Nevertheless, as this Court reasoned in JTH Tax, Inc. v. Houle, "that weight

is lessened, however, because none of the allegedly infringing actions giving rise to this

complaint occurred in Virginia." 2011 WL 5006941 *at 2; see, e.g., Coors Brewing Co. v. Oak

Beverage, Inc., 549 F. Supp. 2d 764, 772 (E.D. Va. 2008) (holding "a plaintiff's choice of forum

is entitled to substantial weight, which varies according to the connection between the forum and

the cause of action.")

Similarly, there is no nexus here between Virginia and Liberty Tax's allegations against BOL since it is the conduct of Mr. Lee and BOL in California that will be the principal focus of the litigation. In its Complaint, Liberty Tax alleges that BOL is in breach of a promissory note, which was executed in California. In addition, Liberty Tax alleges that BOL has misappropriated its trade secrets, as well as conspired with Mr. Lee to injure its business and convert its customers, all of which allegedly took place in California. Moreover, even if the Court defers to Liberty Tax's choice of forum, any such deference is clearly outweighed by the transfer factors as established below. Bd. of Trs., 702 F. Supp. at 1256 ("A defendant must demonstrate that the deference due plaintiff's choice of venue is clearly outweighed by other factors.")

Even if this Court considers Virginia the chosen forum because of the Franchise Agreement's forum selection clause, despite the fact that BOL is not a party to the Franchise Agreement, the Supreme Court has held that a forum selection clause is only one factor to consider in a § 1404(a) analysis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988). Although a forum selection clause should be a "significant factor" in the Court's decision on whether to transfer venue, it alone is not dispositive and § 1404(a) requires courts to take into account other important considerations. Id. at 29.

Indeed, as in this case, the interest of justice render the application of the forum selection clause unreasonable or unenforceable under the circumstances. "Therefore, under the discretion afforded by § 1404(a), a district court may transfer an action based on the presence of a forum-selection clause, or despite the presence of a forum selection clause." Sherman St. Associates, LLC v. JTH Tax, Inc. 2004 WL 2377227, at *9 (The Court denied Liberty Tax's motion to transfer venue to the Eastern District of Virginia despite the forum selection clause, stating "when all of the factors are considered together under the discretion afforded to the Court by §

1404(a), and due consideration is given to the presence of the forum selection clause, the Court concludes that transfer is not warranted."); see <u>Heller Financial Inc. v. Midwhey Powder Co.,</u> 883 F.2d 1286, 1293 (7th Cir. 1989) ("Despite the existence of a valid forum-selection clause, courts may still transfer a case under § 1404(a)...")

### 2. The Convenience of the Parties Strongly Favors the California Forum.

Convenience of the parties is also a relevant consideration. "The logical starting point is a consideration of the residence of the parties." <u>Mullins v. Equifax Info. Servs., LLC,</u> 2006 WL 1214024, at *6 (E.D. Va. 2006). Both Defendants reside or are incorporated in California. BOL recognizes that transfer is not appropriate "where it would likely only serve to shift the balance of inconvenience from the plaintiff to the defendant." <u>JTH Tax v. Lee,</u> 482 F. Supp. 2d 731, 738. However, in balancing the relative convenience of the parties, California is the more convenient forum in which to resolve this dispute.

Liberty Tax is no stranger to California. It is a national company with over 4,500 offices nationwide, including 415 franchises in California according to its website. (Compl. ¶ 8) On the other hand, BOL is a small, local San Francisco, California operation with a total of eight full-time employees, and six seasonal employees, with absolutely no presence in Virginia or in any other state. It would be exceedingly costly and disruptive to BOL's operations to have to litigate this case in California. As noted in Mr. Odo's attached Declaration, requiring BOL to appear in the Eastern District of Virginia to defend this action would cause an undue financial hardship on BOL. Unlike BOL, Liberty Tax is a large corporation with sufficient resources to litigate across the county, and is in fact, as discussed further below, already the subject of a related litigation in California.

### 3. The Convenience of the Witnesses Strongly Favors the California Forum.

The convenience of the witnesses is often recognized as the most important factor to be considered in determining whether a transfer of venue is appropriate under Section 1404(a). Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 718 (E.D. Va.2005); Bd. of Trs., 702 F. Supp. at 1258 (stating that "witness convenience is often dispositive in transfer decisions." Parties must provide information identifying the witnesses and specifically describing their testimony. Bd. of Trs., 702 F. Supp. at 1258. Typically, a distinction is drawn between party and non-party witnesses, and while party witnesses are presumed to be more willing to testify in a different forum, there is no such presumption as to non-party witnesses. Samsung Elecs. Co., Ltd., 386 F. Supp. 2d at 718. As such, "the convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue." Id.  In addition, in contrast to witness testimony that is merely cumulative, "greater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue." Id. at 718-719.  Witness convenience is "not merely a battle of numbers favoring the party that can provide the longest list of witnesses it plans to call." Id. at 719.

Since it is the conduct of Mr. Lee and BOL in California that will be the principal focus of a trial, the majority of relevant testimony will come from witnesses residing in California. Sherman St. Associates, LLC v. JTH Tax, Inc., 2004 WL 2377227, at *5 (In an action filed by Connecticut franchisees of Liberty Tax, the Court denied Liberty Tax's motion to transfer venue to Virginia pursuant to the franchise agreement's forum selection clause, reasoning that "since it is the conduct of Knight and Sherman Street [franchisees] that will be the principal focus of a

trial, the Connecticut witnesses would seem to be more important, as well as providing much of the evidence.")

In fact, in the attached Declaration of Mr. Brian Odo, owner and General Manager of BOL, Mr. Odo states that BOL intends to utilize in its defense non-party witnesses, all of whom reside in California. These witnesses are employed in the Northern District of California, and could not be compelled to attend proceedings in the Eastern District of Virginia pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii). See Houle, 2011 WL 5006941, at *3. As such, BOL would be severely hampered in its ability to present a defense if it could not compel these witnesses to attend a trial in this Court.

Defendant BOL has satisfied its duty, at this very early stage, in the attached Declaration of Mr. Oodo, which specifies the anticipated non-party witnesses to be called and provides general information about what testimony they may cover. The presence of these non-party witnesses in California weighs strongly in favor of transfer to the Northern District of California.

**4. The Interest of Justice Favors the California Forum Given the Pending Litigation in California.**

In evaluating whether "the interest of justice" weighs in favor of transfer, the Court looks to "the public interest factors aimed at systemic integrity and fairness." Samung Elecs. Co., Ltd., 386 F. Supp. 2d at 721. Among the elements of systemic integrity and fairness are judicial economy and the avoidance of inconsistent judgments. Id.; see also Lycos v. TiVo, Inc., 499 F. Supp. 2d 685, 693 (noting that the analysis might also include a consideration of "docket congestion, interest in having local controversies decided at home, knowledge of applicable law…") Moreover, this Court has considered the pendency of related litigation in the transferee forum to strongly favor transfer. U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 937-38 (E.D. Va. 2005) ("The interest of justice weighs heavily in favor of transfer when

related actions are pending in the transferee forum. This is particularly so when the two cases are intimately related and hinge upon the same factual nucleus. Pendency of such a related action in the transferee forum weighs in favor of transfer, not only because litigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery, but because it avoids duplicative litigation and inconsistent results.")

Mr. Lee filed suit against Liberty Tax on July 1, 2013 in San Francisco Superior Court seeking declaratory relief against Liberty Tax's violation of California's prohibition on non-compete agreements. The case has since been removed to the United States District Court for the Northern District of California. Liberty Tax's claims in the case at hand arise from the same transactions as Mr. Lee's claims in his California suit, namely the Franchise Agreement. The cases involve substantially identical parties and revolve around the same facts and issues. In fact, the determination of the pending and first-filed California suit will likely have a substantial and probably dispositive effect on this action, and may obviate the need for much, if not all, of the matters before this Court. In the meantime, however, in the interest of avoiding duplicative litigation and inconsistent results, the actions should be decided by the same forum.

Thus, upon consideration of all factors, dismissal or transfer of the present action to the Northern District of California is appropriate.

## Conclusion

BOL respectfully requests that this Honorable Court enter an order (i) dismissing Liberty Tax's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, transferring this proceeding to the Northern District of California, and (ii) granting such further relief as it deems to be equitable, just, and proper.

Dated August 27, 2013

Respectfully submitted,

BOL Global, Inc.
By Counsel

Declan C. Leonard, Esq. (VSB No. 40292)
Sara Dajani, Esq. (VSB No. 80277)
Berenzweig Leonard, LLP
8300 Greensboro Drive
Suite 1250
McLean, Virginia 22102
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)
dleonard@berenzweiglaw.com
sdajani@berenzweiglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher D. Davis, Esq. (VSB #74809)
David A. Lindley, Jr., Esq. (VSB # 71215)
Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-880-6432
Chris.Davis@libtax.com
David.lindley@libtax.com
*Counsel for Plaintiff JTH Tax, Inc.*
*d/b/a Liberty Tax Service*

Sara Đajani
*Counsel for Defendant BOL Global, Inc.*