UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 15 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JTH TAX, INC., d/b/a
LIBERTY TAX SERVICE,
          Plaintiff,

v.                            Civil Action No. 2:13cv423

BENJAMIN LEE, and
B.O.L. Global, Inc.,
          Defendants.

### ORDER

Plaintiff JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty") brought this suit against Defendants B.O.L. Global, Inc. ("BOL") and Benjamin Lee. Liberty asserts claims of breach of franchise agreement, breach of promissory note, misappropriation of trade secrets, civil conspiracy, and business conspiracy.

BOL has moved to dismiss or transfer the case on the basis of improper venue or, in the alternative, for convenience under 28 U.S.C. § 1404(a). ECF No. 6.

Mr. Lee also filed a motion to dismiss or transfer. ECF No. 10. This motion asks the Court to abstain from deciding the case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), due to the pendency of a related suit between Mr. Lee and Liberty in California. In the alternative, Mr. Lee asks that the case be transferred pursuant to 28 U.S.C. § 1404(a).

On October 10, 2013, Liberty moved to strike Mr. Lee's reply brief on the basis that it was untimely and raised issues not presented in Mr. Lee's opening brief. ECF No. 37. *See* Local R. Civ. P. 7(F)(1) (2013) (setting a three-day deadline); Fed. R. Civ. P. 6(d) (2013) (allowing an additional three days in most instances).

1

## I. VENUE

The Court first addresses Defendants' contentions that venue is improper in this District.

### A. FACTUAL BACKGROUND

In deciding a motion to dismiss on the basis of venue, the Court "view[s] the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). Thus, the allegations of the complaint must be taken as true unless they are contradicted by the defendants' affidavits and unsupported by the plaintiff's affidavits. *Cf. Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984) (discussing the identical rule that exists for questions of personal jurisdiction).

Viewing the Complaint and the evidence in the light most favorable to Liberty provides the following facts:

Liberty is a Delaware corporation with its headquarters in Virginia Beach, Virginia, that is engaged in the business of tax preparation. Compl. paras. 1, 7, ECF No. 1. Liberty licenses franchises nationwide. *Id.* at paras. 7–8.

BOL is a California corporation that operates a tax preparation business in San Francisco. *Id.* at paras. 3, 16. Mr. Lee is a resident of California who was the President of BOL until he resigned on July 15, 2011.[1] *Id.* at paras. 2, 16; Letter of Resignation 2, ECF No. 29 at 18.

On July 23, 2002, Mr. Lee entered into a Franchise Agreement with Liberty agreeing to operate a Liberty franchise in a geographic area denoted by Liberty as CA064. Compl. para. 9, ECF No. 1. The Franchise Agreement had a term of five years. *See id.* at para. 11.

---

[1] BOL also asserts that Mr. Lee resigned because he sold BOL to Brian Odo on June 30, 2011. Reply BOL's Mot. Dismiss 7 n.1, ECF No. 29. BOL has failed to support this assertion, because the exhibit upon which BOL relies fails to indicate the cause for Mr. Lee's resignation. *See* Letter of Resignation 2, ECF No. 29 at 18. However, this issue does not affect the Court's analysis.

The Franchise Agreement has several provisions that became effective upon termination of the agreement. *See id.* at paras. 22–24. These terms included requirements that the franchisee return the Operations Manual and all customer records to Liberty, not use those documents for the benefit of an entity outside the Liberty system, not operate a tax preparation business within twenty-five miles of the territory indicated in the Franchise Agreement for two years after termination, and not solicit former customers of the franchise within twenty-five miles of the territory indicated in the Franchise Agreement for two years after termination. Franchise Agreement 10–12, ECF No. 1-3 at 10–12.

The Franchise Agreement also contains two forum selection clauses: a permissive forum selection clause providing that the franchisee consents to venue in this Court for any suit brought by Liberty that "in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto," and a mandatory forum selection clause providing that such suits brought against Liberty must be brought in this Court or in state courts in Norfolk. *Id.* at 14, ECF No. 1-3 at 14. *See generally Unistaff, Inc. v. Koosharem Corp.*, 667 F. Supp. 2d 616, 618 (E.D. Va. 2009) (noting that mandatory forum selection clauses "define[] the only place where either party may sue," and permissive clauses "simply list[] one acceptable forum among many").[2]

On March 28, 2006, the Franchise Agreement was amended to grant Mr. Lee the territory denoted as CA154 instead of the territory denoted as CA064. Compl. para. 10, ECF No. 1.

On November 1, 2007, the Franchise Agreement was renewed for an additional five-year term. *Id.* at para. 12. The Franchise Agreement was amended on August 14, 2008, to substitute BOL for Mr. Lee as franchisee. *Id.* at para. 13. On January 7, 2011, the Franchise Agreement

---

[2] Although inapplicable to the present action, the mandatory forum selection clause may be void under California law. *See* Cal. Bus. & Prof. Code § 20040.5 (2013) ("A provision in a franchise agreement restricting venue to a forum outside [California] is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within [California].").

was amended to reverse the August 14, 2008 amendment and restore Mr. Lee as franchisee. *Id.* at para. 14.

On September 8, 2009, BOL issued two promissory notes in the amount of $17,146.33 and $15,773.26 to Liberty, with Mr. Lee as guarantor (the "1st 2009 Promissory Note" and "2d 2009 Promissory Note," respectively). *Id.* at paras. 34–35.

On January 18, 2011, Mr. Lee executed two promissory notes to Liberty in the amounts of $27,589.27 and $38,868.18 (the "1st 2011 Promissory Note" and "2d 2011 Promissory Note," respectively). *Id.* at paras. 36–37.

The Franchise Agreement expired on November 1, 2012, and was not renewed. *Id.* at paras. 14–15. However, Mr. Lee transferred Liberty's customer list and Operations Manual to BOL, and Defendants continued to operate a tax preparation business in San Francisco. *Id.* at paras. 16, 18. On January 18, 2013, BOL sent a letter to its former customers stating that it had changed its name from Liberty Tax, but was otherwise unchanged. *Id.* at para. 19.

On April 25, 2013, Liberty sent Mr. Lee a letter informing him that his franchise was terminated and that he had breached the Franchise Agreement by failing to submit reports, failing to pay amounts owing to Liberty, abandonment, failing to renew the Franchise Agreement, and violating the non-compete provisions of the Franchise Agreement. *Id.* at para. 22.

On July 1, 2013, four weeks before Liberty filed the present suit, Mr. Lee filed suit against Liberty in the Superior Court of the State of California for the County of San Francisco. *Id.* at para. 30. In his suit, Mr. Lee seeks a declaratory judgment that the non-compete provisions of the Franchise Agreement are void under California law. Lee Compl. paras. 24–25, ECF No 1-3 at 38. Liberty removed that case to the United States District Court for the Northern District

of California. *See* Cal. NEF 1, ECF No. 42-1. The case was remanded on October 11, 2013, after briefing on the present motions was completed. *Id.*

Defendants currently owe $21,665.37 on the 1st 2009 Promissory Note, $22,603.11 on the 2d 2009 Promissory Note, $31,286.22 on the 1st 2011 Promissory Note, and $49,401.48 on the 2d 2011 Promissory Note. *Id.* at paras. 34–37. All of these notes are in default currently, and the amounts owed are due in full. *See id.* at paras. 38–41.

Defendants also owe Liberty $31,501.91 in unpaid accounts receivable. *Id.* at para. 43.

B. STANDARD OF LAW

Venue is proper where (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or" (3) "any defendant is subject to the court's personal jurisdiction with respect to" the case, "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b) (2013). Liberty argues that venue is proper under subsections (1) and (2) of this statute.[3]

For purposes of subsection (1), "a natural person," such as Mr. Lee, is "deemed to reside in the judicial district in which that person is domiciled," while a business, such as BOL, is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1), (c)(2).

"[I]n determining whether events or omissions are sufficiently substantial to support venue" under subsection (2), "a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir.

---

[3] Because all Defendants reside in the Northern District of California, *see* Compl. paras. 2–3, venue is proper in that District, preventing this District from obtaining venue under subsection (3). Nor is the permissive forum selection clause in the Franchise Agreement operative against BOL, which ceased to be a party to the agreement on January 7, 2011. Compl. para. 14, ECF No. 1; *see also* Resp. BOL's Mot. Dismiss 5–6 & n.3, ECF No. 26 (declining to argue that the forum selection clause prevents BOL from objecting to venue).

2004). "Rather, it should review 'the entire sequence of events underlying the claim.'" *Id.* (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)).

C. ANALYSIS

1. 28 U.S.C. § 1391(b)(1)

Liberty argues that venue is proper in this District under 28 U.S.C. § 1391(b)(1), which provides that venue is proper in a District where "any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1) (2013). Liberty contends that BOL is deemed to reside in this District because this District has personal jurisdiction over BOL. *See id.* § 1391(c)(2) (stating that defendant businesses are deemed to reside in any District that has personal jurisdiction over them).

Even assuming that BOL is deemed to reside in this District, § 1391(b)(1) is inapplicable. This subsection applies only "if all defendants are residents of the State in which the district is located." *Id.* § 1391(b)(1). Mr. Lee is not a resident of Virginia, but of California. *See* Compl. para. 2, ECF No. 1.[4] Because not all defendants are residents of Virginia, § 1391(b)(1) does not provide venue in this Court.

2. 28 U.S.C. § 1391(b)(2)

Liberty also argues that venue is proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to" Liberty's claims occurred in this District. However, the sole omission that Liberty cites as occurring in this District is Defendants' failure to make payments on their promissory notes, which should have been

---

[4] Although the forum selection clause may prevent Mr. Lee from objecting to venue, it does not alter his residence under § 1391(b)(1). *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b).").

6

received by Liberty at its headquarters in this District. *See* Resp. BOL's Mot. Dismiss 6, ECF No. 26.

The failure to make a payment is an omission occurring in the District where the payment was to have been made, not in the District where the payment was to have been received. *See Power Paragon, Inc. v. Precision Tech. USA, Inc.*, 605 F. Supp. 2d 722, 724, 726 (E.D. Va. 2008) (holding, in a case in which a buyer in Roanoke, Virginia purchased a product from a seller in Anaheim, California, that "payments for the [p]roduct under the contract occurred in the Western District" of Virginia). Therefore, Defendants' alleged failures to make payments on the promissory note were omissions occurring in the Northern District of California. Because Liberty has not cited any events or omissions occurring in this District that gave rise to its claims, it has failed to meet its burden of providing a prima facie case of venue under § 1391(b)(2).

D. CONCLUSION

Liberty has failed to assert a proper basis for laying venue in this District. Accordingly, BOL's motion challenging venue must be **GRANTED**.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2013). Because the interest of justice is better served by transferring this case to an appropriate forum than by dismissal, this case is **TRANSFERRED** to the Northern District of California.[5]

---

[5] As noted above, venue is proper in the Northern District of California because both Defendants reside there. *See* 28 U.S.C. § 1391(b)(1); Compl. paras. 2–3, ECF No. 1.

7

## II. REMAINING ISSUES

Mr. Lee's Motion to Dismiss asks the Court to abstain from exercising jurisdiction over this case pursuant to the Supreme Court's decision in *Colorado River*, or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404(a). Because the case is being transferred for lack of venue, Mr. Lee's request that it be transferred under § 1404(a) is **MOOT**. A ruling on Mr. Lee's request for *Colorado River* abstention is **RESERVED** for the transferee court.

Rulings on all other pending motions, including, but not limited to, Liberty's Motion to Strike Reply are also **RESERVED** for the transferee court.

## III. CONCLUSION

BOL's Motion to Dismiss or in the Alternative to Transfer Venue (ECF No. 6) is **GRANTED**. This case is **TRANSFERRED** to the Northern District of California.

Mr. Lee's Motion to Dismiss (ECF No. 10) is **DISMISSED AS MOOT IN PART AND JUDGMENT RESERVED IN PART** as follows: Mr. Lee's request that the case be transferred pursuant to 28 U.S.C. § 1404(a) is **DISMISSED AS MOOT**, and his request that the Court abstain from exercising jurisdiction under *Colorado River* is **RESERVED** for the transferee court. This motion shall remain pending for decision by the transferee court.

Rulings on all other pending motions, including, but not limited to, Liberty's Motion to Strike Reply (ECF No. 37) are also **RESERVED** for the transferee court.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

January 14, 2014
Norfolk, Virginia